IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

----------------------------------------------------------------X

CARL JOHNSON,

                                                          Civil No:

                        Plaintiff,                    **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

        -against-

                                                       **DEMAND FOR JURY TRIAL**

CREDIT ONE BANK, N.A. and JOHN DOES 1-25,

                        Defendant.

----------------------------------------------------------------X

Plaintiff CARL JOHNSON, ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant CREDIT ONE BANK, N.A. and JOHN DOES 1-25 (hereinafter collectively referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,*
137 Cong. Rec. 30,821 (1991).

3.  Even if prior consent was given, a consumer has a right to revoke that consent. *See,*
    *Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

4.  In 1991, Congress responded to these abuses by passing the TCPA. In enacting the
    TCPA, Congress made findings that telemarketing had become "pervasive due to
    the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, §
    2(1). "Residential telephone subscribers consider automated or prerecorded
    telephone calls, regardless of the content or the initiator of the message, to be a
    nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect
    Congress's conclusion that "[i]individuals' privacy rights, public safety interests,
    and commercial freedoms of speech and trade must be balanced in a way that
    protects the privacy of individuals and permits legitimate telemarketing practices."
    Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a
    distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their
    solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*,
    Restatement (Second) of Torts § 652B (1977).

## PARTIES

5.  Plaintiff is a natural person who resides in Fort Worth, Texas.

6.  Defendant Credit One Bank, N.A. is a national banking association with its
    corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

7.  JOHN DOES 1-25 is a fictitious name, meant to represent those calling and dialing
    vendors utilized by Defendant to place the actual calls and text messages to

Plaintiff's cellular phone on Defendant's behalf, whom Plaintiff will name once their identities are uncovered.

## JURISDICTION AND VENUE

8.  The Court has jurisdiction over this matter pursuant to 28 USC §1331.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiff's cellular telephone phone number of (817) 448-4267.

12. Defendant's use of an automated telephone dialing system was clearly indicated by the use of prerecorded messages and automated prompts when Plaintiff would answer the phone, the placement of up to five calls per day, and no human being on the phone line when the Plaintiff would answer the phone.

13. Plaintiff is the customary and sole user of the cellular phone number (817) 448-4267.

14. The Plaintiff never gave the Defendant any consent to call his cellular phone with any automated telephone dialing system.

15. The Defendant called from numerous phone numbers, including but not limited to

(716)710-1023, (331)200-1193, (973)241-1202, (754)333-3652 and (682)812-7505.

16. Upon information and belief, the calls were an attempt by Defendant to reach the Plaintiff's brother, Michael.

17. Plaintiff on multiple occasions told the Defendant to stop calling him. Plaintiff told the Defendant that he was Carl Johnson and not Michael Johnson, who was the party they were trying to reach, and that they should stop calling him.

18. Despite Plaintiff's repeated requests, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system and prerecorded voice messages.

19. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

20. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling, depleted the battery life of the cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion (the very harm that Congress sought to prevent).

21. The Defendant's repeated calls and texts further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls text messages.

22. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

23. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

24. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

26. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

27.  As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

28. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant as follows:

A.  For mandatory statutory damages of $500 each provided and pursuant

to 47 USC §227(c)(2)(G)(3)(B), for all texts placed to the Plaintiff's cellular phone;

B.      Plaintiff requests enhanced trebled damages of $1,500 to be awarded

to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations

of the TCPA;

C.      For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.


Dated: November 29, 2017

         Respectfully submitted,



         /s/ Yitzchak Zelman
         Yitzchak Zelman, Esq.
         MARCUS & ZELMAN, LLC
         1500 Allaire Avenue, Suite 101
         Ocean, New Jersey 07712
         Phone:     (732) 695-3282
         Facsimile: (732) 298-6256
         Email: yzelman@marcuszelman.com
         Attorneys for Plaintiff